## Austin Daniels *vs.* Samuel W. Hayward.

Under Gen. Sts. *c.* 133, § 32, machines of simple construction, moved by the hand or foot, and used in the manufacture of boots, are exempt from attachment, although the owner employs a number of men under him in carrying on the business, by whom the machines are generally used.

Tort against a deputy sheriff to recover damages for the conversion, by attachment upon a writ against the plaintiff, of certain machines, tools, implements and articles used in the manufacture of boots, and which the plaintiff contended were exempt from attachment.

At the trial in the superior court, before *Allen*, C. J., it appeared that the plaintiff was a boot maker, and employed four or five men, who worked under him on various kinds of the work. The various machines which were attached were used by him for carrying on his business, and are in general use in making boots, being moved by the hand or foot. One of them could be used more advantageously by two persons, though it could be and often was used by one.

The defendant requested the court to instruct the jury that different machines used in different departments of the business could not all be exempt from attachment, unless the plaintiff

used them usually with his own hands. The judge declined so to rule, and instructed the jury that the Gen. Sts. *c.* 133, § 32, exempting from attachment the tools and implements of a debtor to the value of $100, apply to the case of a boot maker carrying on a small business, although he employs a number of men under him in carrying on the business, working more or less with the tools and implements himself, but being generally engaged in superintending his workmen; and that machines of simple construction, like those described, are of the character of those exempted by the statute.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*P. C. Bacon & G. G. Parker*, for the defendant.

*T. G. Kent & H. B. Staples*, for the plaintiff.

DEWEY, J. The court properly instructed the jury as to the effect of Gen. Sts. *c.* 133, § 32, exempting certain articles from levy on execution. While the exemption was not intended to apply to large manufacturing establishments, it has not been supposed to be at variance with the letter or the spirit of the statute to apply it to the case of a mechanic carrying on a small business, although he may have in his employment men who perform the principal part of the labor with the tools, implements and fixtures. The limitations as to exemptions of this character were carefully stated by the court, and properly applied to the case. This view of the statute seems well authorized by the cases of *Pierce* v. *Gray*, 7 Gray, 67, and *Dowling* v. *Clark*, 1 Allen, 283, and 3 Allen, 570. *Exceptions overruled*